UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA M. WEISS, | ) | CASE NO. 1:19-cv-2633 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Thomas M. Parker (Doc. No. 18 ["R&R"]) with respect to plaintiff's complaint for judicial review of defendant's denial of her application for Supplemental Security Income ("SSI"). Defendant Commissioner of Social Security ("Commissioner" or "defendant") filed objections to the R&R (Doc. No. 19 ["Obj."]) and plaintiff Jessica M. Weiss ("Weiss " or "plaintiff") filed a response to the objections (Doc. No. 20 ["Resp."]). Upon *de novo* review and for the reasons set forth below, the Court hereby overrules defendant's objections, accepts the R&R, vacates the Commissioner's denial of benefits, and remands the matter for further consideration.

I.  BACKGROUND

Weiss applied for SSI on May 1, 2016. (Doc. No. 11 (Transcript ["Tr."]) at 15[1])[2] She alleged she was disabled due to a "[c]ognitive learning disability low [IQ]." (*Id*. at 86, 158, 176.)

---

[1] For convenience, citations to the transcript use the bates numbers in the transcript; all other page number references herein are to the Page ID number assigned by the Court's electronic filing system.

[2] As pointed out in the R&R, the ruling of the Administrative Law Judge states that Weiss applied for SSI on May 1, 2016, but her brief before this Court states that she applied on April 12, 2016. Weiss has not challenged the

The application was denied both initially and upon reconsideration. (*Id*. at 86–109.) Weiss requested a hearing before an Administrative Law Judge ("ALJ"), which was conducted on June 6, 2018. The ALJ denied Weiss' claim on September 24, 2018. (*Id*. at 12–85.) On September 12, 2019, the Appeals Council denied further review, rendering the ALJ's decision final. (*Id*. at 1–6.) On November 11, 2019, Weiss filed this case requesting judicial review.

On October 16, 2020, Magistrate Judge Parker issued his R&R, recommending that, "because the ALJ failed to apply proper legal standards and because that failure was not harmless error, . . . the ALJ's decision denying Weiss's claim be vacated and that the case be remanded to the Commissioner for further consideration." (R&R at 464.)

## II.	DISCUSSION

### A.	Standard of Review

The Commissioner has filed objections to the R&R, asserting that the ALJ's decision was properly supported and explained, and requesting that this Court reject the R&R and affirm the ALJ's decision. (Obj. at 469.) In response, Weiss asserts that the R&R correctly applied the pertinent law and found that the ALJ's decision was unsupported by substantial evidence. (Resp. at 470.)

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also*

---

discrepancy; therefore, any challenge with respect to the correct application date has been forfeited by Weiss. (*See* R&R at 446 n.2.)

Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

    **B.    Analysis**

Plaintiff's fundamental challenge to the ALJ's finding of "not disabled" related to his determination of Weiss' residual functional capacity ("RFC") prior to Step Four of the standard five-step sequential process. The R&R agrees with plaintiff's position and the Commissioner challenges that conclusion by way of objection. This Court must give *de novo* review.

The RFC is an assessment of "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is required to make the RFC finding "based on all the relevant medical and other evidence in [the claimant's] case record[.]" 20 C.F.R. § 416.920(e). In determining the RFC, the ALJ considers "every medical opinion" received. 20 C.F.R. § 416.927(c). An ALJ need not articulate "good reasons" for rejecting a nontreating or nonexamining source opinion (as he must when rejecting a treating source opinion), but "the ALJ's decision still must say enough 'to allow the appellate court to trace the path of his reasoning.'" *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).

Weiss argues that the ALJ did not adequately explain a case-determinative inconsistency between the opinion of psychological consultative examiner Jeff Rindsberg, Psy.D and the RFC finding. Dr. Rindsberg provided the following functional assessment:

- Ms. Weiss may be able to understand, remember, and carry out instructions. Yet, *they would likely have to be explained to her several times and in simple terms*. She would have difficulty understanding them like most adults her age.

- Maintaining attention and concentration would be a problem as well. *Reminders and redirection would be necessary*.

- Dealing with supervisors and coworkers would not be a problem. Ms. Weiss apparently has friends and can socialize. This is not a significant problem even though she does try to keep to herself at times.

- Handling pressure at work would be a problem for Ms. Weiss. Dealing with stress and persevering would be a challenge due to lower-than-average intelligence.

(Tr. at 323 (emphases added).) The ALJ concluded:

> The undersigned gives Dr. Rindsberg's opinion moderate weight. While the undersigned fully accepts the validity of the results of the intelligence testing that Dr. Rindsberg administered, *his opinion regarding the claimant's ability to perform*

4

> *work tasks is somewhat speculative*. Nevertheless, the residual functional capacity finding is consistent with Dr. Rindsberg's opinion, in that the claimant is limited to very simple, routine tasks, in a low stress environment.

(Tr. at 25 (emphasis added).) Weiss claims that the ALJ did not adequately explain why he excluded from the RFC Dr. Rindsberg's findings that Weiss would require "reminders and redirection" and would need instructions "explained to her several times and in simple terms." In particular, Weiss argues that the ALJ's assessment that Dr. Rindsberg's opinion is "somewhat speculative[]" is not adequately explained.[3]

The R&R agrees with plaintiff's argument, finding the ALJ's failure to explain why he did not include all the limitations was not harmless error, especially since the Vocational Expert had testified that such limitations would preclude competitive work and require special accommodations. (R&R at 458, 462; Tr. at 80, 82.) Further, the R&R found that it was not harmless for the ALJ to fail to explain *how* or *why* he concluded that Dr. Rindsberg's opinion was "speculative." (R&R at 461.)

The Court adopts the R&R's conclusion that the ALJ failed to "build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).

---

[3] The ALJ's assignment of "moderate weight" to Dr. Rindsberg's opinion is even more inexplicable since he gave "great weight" to both Dr. Lai and Dr. Reid, the State agency psychological consultants, finding that their opinions "are supported by documentation[.]" (Tr. at 26.) But both Dr. Lai and Dr. Reid had themselves given "great weight" to Dr. Rindsberg's opinion. (*See* Tr. at 92, 103 ("[Dr. Rindsberg's] medical opinion is given great weight because it is consistent with the medical evidence in the file.").)


### III. CONCLUSION

For the reasons discussed above, the Commissioner's objections are overruled, and the R&R is accepted. Because the Commissioner's decision was not supported by substantial evidence, it is vacated. This case is remanded for further consideration.

**IT IS SO ORDERED**.

Dated: February 4, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**